PER CURIAM:
Claimant brought this action to recover damages to his vehicle which occurred when it struck the stub portion of a missing stop sign at the intersection of the Elkview Exit on Interstate 79. The incident occurred on September 23, 1991, at approximately 5:00 a.m. It was raining and foggy. Claimant’s vehicle sustained damage to the exhaust system and oil pan. The cost of repairs is $291.75.
Respondent denies negligence for this incident as it did not have notice of the missing stop sign.
Claimant testified that he was on his way to work when he and a traveling companion decided to get off Interstate 79 at the Elkview Exit. He was following a van which ran over the post when it preceded through the intersection to turn left. The claimant’s vehicle went over the post when he followed the van. The stub portion of the stop sign was six-to-eight inches high. The claimant was not familiar with this area. He was not aware that the stub of the stop sign was sticking up in the roadway until his vehicle struck it.
Richard L. Bailey, an employee in respondent’s sign shop, testified that he was notified that the stop sign was missing on September 24, 1991. he investigated the situation wand replaced the stop sign immediately. He indicated that this are was newly constructed because a mall had just been built at the intersection. He stated that there was an area of white reflective tape about 12 inches wide at the location for the stop sign. The tape had been placed in June 1991 and was present on the date of claimant’s accident.
The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to correct the situation prior to the claimant’s accident. The facts indicate that the respondent did not have prior notice, and the claimant has failed to prove otherwise. The burden of proof is upon the claimant to demonstrate with a preponderance of the *77 evidence that the respondent had actual or constructive notice of the road defect. This burden has not been sustained. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the missing stop sign, it must have had actual or constructive notice of the condition and a reasonable amount of time to take correction action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). It is the opinion of the Court that respondent did not have the required notice of the missing stop sign at this intersection.
In accordance with the findings of the Court, this claim must be denied.
Claim disallowed.